Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| JAIME HERNÁNDEZ MÉNDEZ<br><br>Recurrente<br><br>Vs.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>Recurrido | KLRA202300111 | *REVISIÓN ADMINISTRATIVA* procedente del Departamento de Corrección y Rehabilitación<br><br>Caso Núm. B-1462-22 |
|---|---|---|

Panel integrado por su presidente, el Juez Hernández Sánchez, la Jueza Santiago Calderón y la Jueza Álvarez Esnard.

Hernández Sánchez, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 31 de marzo de 2023.

I.

El 7 marzo de 2023[1], el Sr. Jaime Hernández Méndez (señor Hernández o recurrido) compareció ante nos, por derecho propio, mediante una *Revisión Administrativa* y solicitó la revisión de una *Respuesta de Reconsideración* […] emitida el 11 de enero de 2023 y notificada el 25 de enero de 2023 por la División de Remedios Administrativos del Departamento de Corrección y Rehabilitación (División de Remedios). Mediante el aludido dictamen, la División de Remedios, denegó la petición de reconsideración que emitió el recurrido.

En el recurso de epígrafe, el recurrido formuló los siguientes señalamientos de error:

> Erró la División de Remedios Administrativos al concluir y determinar bajo una actuación so color de autoridad estatal, cuando sostuvo que la actuación y decisión de los oficiales García o Laguer en botar al recurrente de su área de labor de cocina por presumir imaginar bajo caprichos que el hallazgo de un teléfono celular dentro de la celda en un escondite secreto de cemento era o debió ser del recurrente o de su

---

[1] Cabe precisar que, a pesar de que el recurso de epígrafe fue sometido ante este Tribunal el 7 de marzo de 2023, el recurso fue depositado en el correo postal el 6 de marzo de 2023.

compañero de celda Geovanny Ortiz Pérez. Esto en clara ausencia de evidencia robusta. Siendo dicha decisión una contrario a derecho, irrazonable, arbitraria e ilegal la cual está viciada por un error fundamental.

Erró la División de Remedios Administrativos al concluir y determinar de forma tan arbitraria que de acuerdo al Reglamento de Registros en el Artículo VII inciso 2 que: si se puede asociar el contrabando con algún miembro de la población correccional, se aplicarán las disposiciones del procedimiento disciplinario que apliquen.

Sin embargo, cabe precisar que, como parte del apéndice del recurso, el recurrente se limitó a presentar el dictamen recurrido y el recibo de notificación de este. Además, anejó el sobre del correo postal que refleja el matasellos con la fecha de entrega del recurso al correo postal.

Examinado el recurso que nos ocupa, y con el propósito de lograr el "más justo y eficiente despacho" del asunto ante nuestra consideración, prescindimos de términos, escritos o procedimientos ulteriores. Regla (7)(B)(5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B R. 7.

Por los fundamentos que expondremos a continuación, ***desestimamos*** el recurso de epígrafe por falta de jurisdicción por tardío.

II.

La jurisdicción es la autoridad que posee un tribunal o un foro administrativo para considerar y adjudicar determinada controversia o asunto. *Pérez López v. CFSE*, 189 DPR 877, 882 (2013). La falta de jurisdicción trae consigo las consecuencias siguientes:

(a) no es susceptible de ser subsanada; (b) las partes no pueden voluntariamente conferírsela a un tribunal, como tampoco puede este arrogársela; (c) conlleva la nulidad de los dictámenes emitidos; (d) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (e) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso; y (f) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por

el tribunal motu proprio. *González v. Mayagüez Resort & Casino,* 176 DPR 848, 855 (2009).

A tono con lo anterior, nuestro Tribunal Supremo ha expresado que los tribunales **"debemos ser celosos guardianes de nuestra jurisdicción", por lo que tenemos la indelegable labor de auscultarla, incluso cuando ello no se nos haya planteado**. (Énfasis nuestro). *Cordero v. Oficina de Gerencia de Permisos y otros*, 187 DPR 445, 457 (2012). Así pues, "las cuestiones jurisdiccionales deben ser resueltas con preferencia, y de carecer un tribunal de jurisdicción lo único que puede hacer es así declararlo". Íd., pág. 856. Ello, ya que los tribunales no tenemos discreción para asumir jurisdicción donde no la tenemos. *Yumac Home v. Empresas Masso*, 194 DPR 96, 103 (2015). Cuando este Foro carece de jurisdicción, procede la inmediata desestimación del recurso apelativo. *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 883 (2007).

Un recurso presentado prematura o tardíamente priva insubsanablemente de jurisdicción y autoridad al tribunal ante el cual se recurre para atender el asunto, caso o controversia. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008). Estos tipos de recursos carecen de eficacia y no producen ningún efecto jurídico, pues, al momento de su presentación, su naturaleza prematura o tardía hace que el foro apelativo no tenga autoridad alguna para acogerlo. Íd. Conforme a lo que antecede, este Tribunal de Apelaciones puede desestimar, *motu proprio*, un recurso prematuro o tardío por carecer de jurisdicción. Regla 83 (B) (1) y (C) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B.

Ahora bien, en lo pertinente al caso ante nos, cabe mencionar que, la Sección 3.15 de la Ley Núm. 38-2017, según enmendada, conocida como la *Ley de Procedimiento Administrativo del Gobierno de Puerto Rico,* 3 LPRA sec. 9655 (LPAUG) preceptúa lo siguiente:

La parte adversamente afectada por una resolución u orden parcial o final podrá, dentro del

término de veinte (20) días desde la fecha de archivo en autos de la notificación de la resolución u orden, presentar una moción de reconsideración de la resolución u orden. La agencia dentro de los quince (15) días de haberse presentado dicha moción deberá considerarla. Si la rechazare de plano o no actuare dentro de los quince (15) días, el término para solicitar revisión comenzará a correr nuevamente desde que se notifique dicha denegatoria o desde que expiren esos quince (15) días, según sea el caso. **Si se tomare alguna determinación en su consideración, el término para solicitar revisión empezará a contarse desde la fecha en que se archive en autos una copia de la notificación de la resolución de la agencia resolviendo definitivamente la moción de reconsideración.** (Énfasis suplido)

[…]

Finalmente, la Sección 4.2 de la LPAUG, 3 LPRA sec. 9672, contempla la revisión judicial de las decisiones administrativas finales ante este Tribunal y establece lo siguiente:

[u]na parte adversamente afectada por una orden o resolución final de una agencia y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente podrá presentar una solicitud de revisión ante el Tribunal de Apelaciones, dentro de un término de **treinta (30) días contados a partir de** la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia o a partir de **la fecha aplicable de las dispuestas en la Sección 3.15 de esta Ley, cuando el término para solicitar la revisión judicial haya sido interrumpido mediante la presentación oportuna de una moción de reconsideración.** (Énfasis nuestro).

Dicho término de treinta (30) días para solicitar la revisión judicial ante este Tribunal es uno jurisdiccional, es decir, es improrrogable, fatal e insubsanable, y, por ende, no puede acortarse y tampoco es susceptible de extenderse. *Assoc. Condomines v. Meadows Dev.*, 190 DPR 843, 847 (2014).

### III.

Es harto sabido que las cuestiones relativas a la jurisdicción de un tribunal para atender ciertas controversias se tienen que resolver con preferencia. Por consiguiente, de entrada, resolvemos que no tenemos jurisdicción para atender la presente controversia en sus méritos. Ello, toda vez que el presente recurso se presentó en

una fecha posterior al término jurisdiccional de treinta (30) días que dispone la LPAUG para recurrir ante nosotros de una resolución de la agencia resolviendo definitivamente la moción de reconsideración.

Conforme al precitado derecho, cuando una parte adversamente afectada por un dictamen final o parcial de una agencia presenta una reconsideración, el **término jurisdiccional** de treinta (30) días para comparecer ante nos mediante una revisión judicial se computa a partir de la fecha en que se archive en autos una copia de la notificación de la resolución de la agencia resolviendo definitivamente la moción de reconsideración. Sección 3.15 de la LPAUG, *supra.*

En el caso de autos, la División de Remedios emitió el dictamen recurrido denegando la Reconsideración que presentó el señor Hernández el 11 de enero de 2023 y según consta del *Recibo de Respuesta* que anejó el recurrente junto a dicho dictamen, este le fue notificado el **25 de enero de 2023.** La referida notificación contiene la firma del señor Hernández. A tales efectos, el recurrente tenía hasta el **24 de febrero de 2023** para presentar su recurso de revisión judicial ante este foro intermedio. Sin embargo, según consta del matasellos del sobre postal, el señor Hernández presentó el recurso de epígrafe el **6 de marzo de 2023.** Entiéndase, cuarenta (40) días después de que se le notificó la *Respuesta de Reconsideración* […].

Aclaramos que, en otras instancias, el Departamento de Corrección y Rehabilitación (DCR) al final de los recursos de revisión judicial de los confinados pone un ponche oficial en el que se refleja la fecha en que recibieron el recurso del confinado con una firma del funcionario que lo recibió. Sin embargo, en el presente caso, el DCR no ponchó el recurso con su sello oficial. De igual forma, cabe precisar, que el señor Hernández tampoco presentó una certificación que acreditara que en efecto entregó el recurso el 25 de enero de

2023, fecha que aparece al final del recurso de epígrafe. Por las razones antes expuestas, tenemos que considerar la fecha del matasellos del correo postal como fecha de entrega del recurso de revisión judicial de epígrafe.[2] Es decir, a partir de esa fecha, a saber, el 6 de marzo de 2023, es que comenzamos a contar el término de treinta (30) días para acudir en alzada. Por tanto, nos encontramos forzados a desestimar el recurso de epígrafe por tardío conforme a la facultad que nos otorga la Regla 83 (B) (1) y (C) del Reglamento del Tribunal de Apelaciones, *supra.*

IV.

Por los fundamentos antes expuestos, ***desestimamos*** el recurso de epígrafe por falta de jurisdicción por tardío.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

La jueza Santiago Calderón disiente. Revisada la petición del confinado surge de la misma que la redactó el 25 de enero de 2023, misma fecha del recibo de la Respuesta de Reconsideración por el Departamento de Corrección. Ante no haber constancia de cuándo fue recibido y presentado por Corrección disiento. Se debe solicitar a Corrección que certifique la fecha de la entrega.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[2] Véase, *Álamo Romero v. Adm. De Corrección*, 175 DPR 314, 324 (2009).